VINCENT SHIMKO *v.* FERRO CORPORATION ET AL.
(14746)

Heiman, Schaller and Stoughton, Js.

Argued October 24, 1995—decision released February 20, 1996

---

*Jules Lang*, for the appellant (plaintiff).

*Kevin M. Blake*, for the appellees (defendants).

STOUGHTON, J. The plaintiff, Vincent Shimko, appeals from the decision of the compensation review board affirming the dismissal by the workers' compensation commissioner for the seventh district of a claim for temporary partial disability benefits based on the plaintiff's reduced earning capacity.

The plaintiff claims that the board improperly (1) concluded that General Statutes (Rev. to 1987) § 31-308 (a) requires a work search when a claimant is seeking only the differential between former and present wages, (2) determined that he was required to prove and failed to prove that he had sought light work as a condition of being awarded § 31-308 (a) benefits, (3) failed to make an award under General Statutes (Rev. to 1987) § 31-308 (d), and (4) sustained the commissioner's findings and conclusions when they were inconsistent with each other and with the ultimate conclusion. We agree that there is no work search requirement in § 31-308 (a), and we remand the case for further findings. The resolution of this first issue renders moot the second issue as to whether the plaintiff was required to prove and failed to prove that he sought light work as a condition of being awarded § 31-308 benefits. In addition, in light of our remand for further proceedings, we do not address the plaintiff's third and fourth claims that the commissioner improperly failed to make an award under § 31-308 and that the commissioner improperly sustained an award based on inconsistent findings.

The commissioner found the following pertinent facts. The plaintiff, who was born in 1935 and has a ninth grade education, was hired by the defendant, Ferro

Corporation,[1] in 1956 and worked for the defendant until it closed its Norwalk plant in October, 1988. After the defendant's plant closed, the plaintiff attempted to find other work. He claimed that he suffered bouts of dizziness and headaches during the course of his employment that did not cause him to lose any time from work. He experienced an attack of angina pectoris for which he was hospitalized in July, 1979. The latter condition is not claimed to be work related, but, as a result of the condition, the plaintiff was advised by his doctor not to engage in any vigorous physical activity. In May, 1988, the plaintiff sought medical treatment for recurrent headaches and dizziness. Edward Gaynor, an ear, nose and throat specialist, was of the opinion that the plaintiff had a direct chemical reaction to the fumes from the solvents used at the defendant's plant, and that, as a result, he was disabled from work involving exposure to any chemicals or solvents similar to those used at the plant. Gaynor found that the plaintiff's heart condition limits the type of work he can perform, and the plaintiff has interpreted Gaynor's instructions as also limiting him to outdoor work. As a result, the plaintiff has obtained full-time work during the summer months cleaning beaches for the city of Norwalk at $7 per hour.

The plaintiff claimed temporary partial disability benefits under General Statutes (Rev. to 1987) § 31-308 (a), when it provided for a weekly compensation rate equal to 66 2/3 percent of the difference between the wages currently earned by an employee in a position comparable to the position held by the injured employee prior to his injury and the amount he is able to earn after the injury. The plaintiff claimed that, had it not been for his injury, he would have been earning $15 per hour for forty hours per week in a position comparable to

[1] The defendants are the employer and its workers' compensation insurance carrier. We refer in this opinion to the employer as the defendant.

the position he held at the date of his injury, and that he was entitled to two thirds of the difference between $15 per hour and $7 per hour for the period claimed.

The commissioner issued his findings on May 19, 1993. He found that the headaches and dizziness constituted an occupational disease, but that the plaintiff was not temporarily totally disabled at any pertinent time nor did he sustain any permanent partial disability as a result of the occupational disease. The commissioner also found that while the plaintiff may have had an incapacity resulting from a compensable condition in that he should avoid work in an environment exposing him to chemical or solvent fumes, he was capable of performing light work. He further found that the plaintiff had failed to pursue that capability and had failed to document a willingness to return to work within his capability. The claim for temporary partial benefits under § 31-308 (a) was therefore dismissed.

The plaintiff appealed to the compensation review board, claiming that the commissioner improperly failed to award benefits under § 31-308 (a) despite his finding that the plaintiff had suffered a compensable occupational disease. He also claimed entitlement to benefits under General Statutes (Rev. to 1987) § 31-308 (d), which has since been repealed, and General Statutes § 31-284b. The board issued its decision on April 18, 1995, affirming the decision of the commissioner.

Section 31-308 (a) provides for benefits for the incapacity of an injured worker who is able to do some work but unable fully to perform his customary work. *Hansen* v. *Gordon*, 221 Conn. 29, 39, 602 A.2d 560 (1992). "[T]he incapacity must result from a causal connection between the injury and the employment . . . and the right to benefits does not arise merely because of factors that are extrinsic to the physical status of

the employee." Id., 39–40. In making this determination, facts found by the commissioner must stand, as must the conclusions drawn from those facts, as long as they may reasonably be drawn from the subordinate facts. Id., 40.

The commissioner found that the plaintiff had light work capability but that he had failed to pursue that capability and had failed to document a willingness to return to work within that capability. The plaintiff asserts that while § 31-308 (a) may require a work search when full benefits are sought, there is no such requirement when only a diminution of earnings, rather than full compensation, is claimed. He argues that he established the diminution in his earning capacity by obtaining a job, and that the issue before the commissioner was whether he had suffered a compensable condition and not whether he would have earned more than $7 per hour by finding another job.

The defendant on the other hand asserts that the Workers' Compensation Act mandates that partially disabled employees must make a good faith effort to find work before being able to collect benefits. The defendant concedes that neither § 31-308 (a) nor any administrative regulation requires a work search. Nevertheless, it claims that the plaintiff was required to demonstrate by some evidentiary means that he made reasonable efforts to find suitable work and that the evidence established that he failed to do so.

General Statutes (Rev. to 1987) § 31-308 (a) provides: "If any injury for which compensation is provided under the provisions of this chapter results in partial incapacity, there shall be paid to the injured employee a weekly compensation equal to sixty-six and two-thirds per cent of the difference between the wages currently earned by an employee in a position comparable to the position held by such injured employee prior to his injury and

the amount he is able to earn after such injury, except that when (1) the physician attending an injured employee certifies that such employee is unable to perform his usual work but is able to perform other work, (2) such employee is ready and willing to perform such other work in the same locality and (3) no such other work is available, such employee shall be paid his full weekly compensation subject to the provisions of this section. In either of the above cases, such compensation shall in no case be more than the maximum weekly benefit rate set forth in section 31-309 and shall continue during the period of partial incapacity but no longer than seven hundred and eighty weeks. If the employer procures for an injured employee employment suitable to his capacity, the wages offered in such employment shall be taken as the earning capacity of the injured employee during the period of such employment." Our review of the statute discloses no work search requirement.

Further, the compensation review board has held that "neither the statute nor any administrative regulation requires a work search. The work search practice, instituted by the commission some two decades ago, was borrowed from the procedure employed in administering the unemployment compensation law. . . . Our own § 31-308 (a) never specifically included the requirement of reasonable efforts to find work as did the unemployment law. However, the work search procedure was informally accepted as an evidentiary basis to demonstrate . . . *the unavailability of such work*. However, there are other evidentiary means by which those requirements may be demonstrated." (Emphasis added.) *Goncalves* v. *Cornwall & Patterson*, 10 Conn. Workers' Comp. Rev. Op. 43, 45 (1992). We agree. Thus, the commissioner must determine whether suitable work is available. The facts found were not sufficient to resolve that issue. The commissioner found that the

plaintiff may have an incapacity in that he should avoid work in an environment exposing him to fumes, and, therefore, that his condition is compensable. These findings have not been challenged. The commissioner also found that it was the plaintiff himself who interpreted his physician's instructions as limiting him to outdoor work. The commissioner made no findings as to whether the plaintiff was limited to outdoor work by factors extrinsic to his physical status resulting from the compensable condition and whether there was other work that the plaintiff could have performed.

The decision of the compensation review board is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.